[927 NYS2d 916]

In the Matter of STEPHEN R. HILL (Admitted as STEPHEN RICHARD HILL), an Attorney, Resignor.

Second Department, July 26, 2011

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for Grievance Committee for the Tenth Judicial District.

*Donald N. Rizzuto*, Valley Stream, for resignor.

**OPINION OF THE COURT**

Per Curiam.

Stephen R. Hill (hereinafter the resignor) has submitted an affidavit dated February 10, 2011, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Hill was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 16, 1966 under the name Stephen Richard Hill.

On July 7, 2010, in the Supreme Court, Nassau County (Donnino, J.), the resignor pleaded guilty to one count of attempted grand larceny in the fourth degree, a class A misdemeanor, in violation of Penal Law §§ 110.00 and 155.30. That plea was in full satisfaction of a one-count indictment charging the resignor with grand larceny in the third degree.

The indictment alleged that "between the 1st day of January of 2000 and the 1st day of February, 2006 in the County of Nassau, with [the] intent to deprive another of property, [the respondent] wrongfully withheld property from the owner thereof and the value of the property exceeded $3,000."

During the resignor's plea allocution, the Supreme Court clarified the facts underlying the indictment, to wit, that the resignor had an employee from whom he withheld tax money, which was due the State, but which was never paid to the State. In exchange for pleading to the reduced charge, the resignor was required to submit his resignation as an attorney and make restitution in the sum of $18,346.55 in advance of sentencing.

On February 10, 2011, the resignor executed an affidavit of resignation and paid the required restitution. He was thereupon sentenced to a conditional discharge, upon the condition that he engage in no further criminal activity for a period of one year.

The resignor promptly forwarded his affidavit of resignation dated February 10, 2011 to this Court. He avers therein that he would not be able to successfully defend himself on the merits against charges predicated upon the foregoing facts and circumstances.

The resignor further acknowledges that his resignation is freely and voluntarily tendered; that he is not being subjected to coercion or duress by anyone; and that he is fully aware of the implications of submitting the resignation, including the

fact that he is barred from applying for reinstatement as an attorney and counselor-at-law for a period of seven years.

The Grievance Committee for the Tenth Judicial District recommends acceptance of the resignor's resignation.

Inasmuch as the proffered resignation is in reasonable compliance with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, Mr. Hill is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and HALL, JJ., concur.

Ordered that the resignation of Stephen R. Hill, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stephen R. Hill, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Stephen R. Hill, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stephen R. Hill, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Stephen R. Hill has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).